1  Peter Anderson, Esq. (Cal. Bar No. 88891)
         peteranderson@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
3  Los Angeles, California  90017-2566
   Telephone: (213) 633-6800
4  Fax: (213) 633-6899

5  Attorneys for Defendant
   SONY MUSIC PUBLISHING (US) LLC
6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                    **WESTERN DIVISION**

| | |
|---|---|
| JESSIE BRAHAM, | ) Case No. 2:23-cv-05351-MWF-GJSx |
|         Plaintiff, | ) |
|    vs. | ) MEMORANDUM OF POINTS AND ) AUTHORITIES IN SUPPORT OF ) MOTION TO: |
| SONY MUSIC PUBLISHING, BIG MACHINE RECORDS, | ) (A) DISMISS FOR INSUFFICIENT )     SERVICE OF PROCESS; ) (B) DISMISS FOR FAILURE TO |
|       Defendants. | )     STATE A CLAIM; AND ) (C) DESIGNATE PLAINTIFF A )     VEXATIOUS LITIGANT |

[Fed. R. Civ. P. 12(b)(4), (5) & (6); and L.R. 83-8]

Date: November 20, 2023
Time: 10:00 a.m.

Courtroom of the Honorable
Michael W. Fitzgerald
United States District Judge

# **TABLE OF CONTENTS**

1.    INTRODUCTION ........................................................................ 1

   (a)    Summary of Argument ....................................................... 1

   (b)    Summary of Facts............................................................... 2

          (1)    Plaintiff's Prior Cases Alleging that the Song Infringes His Claimed Copyright .................................................. 2

                 i.     *Graham I* ...................................................... 2

                 ii.    *Graham II* ..................................................... 3

                 iii.   *Graham III* .................................................... 3

                 iv.    *Graham IV* .................................................... 4

                 v.     *Graham V* ..................................................... 6

                 vi.    *Graham VI* .................................................... 7

          (2)    This Action, *Graham VII* ............................................. 8

          (3)    Plaintiff's False Filings in Other Actions in this Court .............. 9

2.    PLAINTIFF'S SEVENTH ACTION IS PROPERLY DISMISSED ............. 10

   (a)    Plaintiff's Purported Proof of Service in this Case Is a Fraud ............. 10

   (b)    The Prior Multiple Determinations that *Res Judicata* Bars Plaintiff's Claims Mandates Dismissal Under FRCP 12(b)(6) ............................ 11

3.    PLAINTIFF SHOULD BE DESIGNATED A VEXATIOUS LITIGANT ... 12

   (a)    Plaintiff Is Being Provided Notice and a Chance to Be Heard ............. 13

   (b)    There Is an Adequate Record for Review ............................................. 13

   (c)    The Court's Issuance of Substantive Findings as to the Frivolous or Harassing Nature of Plaintiff's Litigation ............................................. 13

   (d)    The Requested Order is Narrowly Tailored to Stop Plaintiff's Continued Abuse of the Judicial Process and Harassment .................. 17

4.    CONCLUSION........................................................................... 19

i

# TABLE OF AUTHORITIES

**Cases**

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ................................................................ 10

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ................................................... 13, 14, 17

*Drake v. Niello Co.*,
  No. 217CV1036JAMEFBPS, 2018 WL 1256762
  (E.D. Cal. Mar. 12, 2018) ...................................................................... 12

*Hollywood v. Carrows California Family Restaurants*,
  No. 218CV02098JGBGJS, 2019 WL 6178807
  (C.D. Cal. Sept. 17, 2019), *report and recommendation*
  *adopted as modified*, No. 218CV02098JGBGJS,
  2019 WL 5589042 (C.D. Cal. Oct. 30, 2019) ......................................... 14

*In re Powell*,
  851 F.2d 427 (D.C. Cir. 1988) ............................................................... 14

*In re Schimmels*,
  127 F.3d 875 (9th Cir. 1997) .................................................................. 12

*Jackson v. Osman*,
  664 Fed. Appx. 667 (9th Cir. 2016) ....................................................... 11

*Mankaruse v. Raytheon Co.*,
  No. SACV191904DOCADSX,
  2020 WL 2405258 (C.D. Cal. Jan. 23, 2020) ........................................ 18

*Molski v. Evergreen Dynasty Corp.*,
  500 F.3d 1047 (9th Cir. 2007) .......................................... 12, 13, 14, 15, 17, 18

*Moy v. United States*,
  906 F.2d 467 (9th Cir. 1990) ................................................................. 14

*New Day Worldwide Inc. v. Swift*,
  No. 2:19-cv-09948-AB-SS .................................... 4, 5, 6, 8, 11, 13, 15, 16, 17, 18

*Ringgold-Lockhart v. Cty. of Los Angeles*,
  761 F.3d 1057 (9th Cir. 2014) ............................................................... 17

ii

*Stewart v. U.S. Bancorp*,
 297 F.3d 953 (9th Cir. 2002) ................................................................ 11

*Susilo v. Robertson*,
 2013 WL 989959 (C.D. Cal. Mar. 11, 2013) ........................................ 12

*Warren v. Guelker*,
 29 F.3d 1386 (9th Cir. 1994) ................................................................ 14

**Statutes**

17 U.S.C. § 101, *et seq.* ............................................................................. 18

28 U.S.C. § 1651(a) .................................................................................... 12

**Rules**

Federal Rule of Civil Procedure
 Rule 4 ...................................................................................................... 10
 Rule 11 .......................................................................................... 1, 5, 14
 Rule 12(b)(5) .......................................................................................... 10
 Rule 12(b)(6) .......................................................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

### (a)    Summary of Argument

This is the seventh action filed *pro se* by plaintiff Jesse Graham ("Plaintiff")—sometimes under the name Jessie Braham—alleging the same copyright infringement claim that already has been dismissed with prejudice three times, with the two most recent dismissals affirmed on appeal.  In the course of those prior cases, Plaintiff has repeatedly engaged in litigation misconduct in an effort to mislead the Court—resulting in two findings that he had violated Federal Rule of Civil Procedure 11—including, for example, filing false and fraudulent proofs of service, lying on Civil Cover Sheets to hide that he lost his claim in prior related cases, serving a fraudulent summons not issued by the Clerk, and falsely indicating in an opposition memorandum that it was filed by retained counsel who, in fact, neither represented him nor knew of the filing.  Despite being repeatedly cautioned by the Court, Plaintiff is undeterred.

In this seventh action, Plaintiff again asserts the same claim, namely that the words "players playing and haters hating" in a 2014 musical composition (the "Song"), infringe a copyright that Plaintiff claims in a musical composition he refers to as "Haters Gone Hate."  Moreover, he again has filed false proofs of service, including altering a proof of service in another, unrelated case to fabricate a proof of service of the Summons and Complaint on defendant Sony Music Publishing (US) LLC ("Sony Music Publishing").  And using that fraudulent proof of service, he seeks entry of Sony Music Publishing's default.  The Motion to dismiss for improper service must be granted, and—since *res judicata* not only bars Plaintiff's claim but bars him from relitigating whether *res judicata* is a bar—this action is properly dismissed with prejudice.

Finally, in two of Plaintiff's prior copyright infringement cases against the Song, the Judges assigned to the cases considered designating Plaintiff a vexatious

litigant who cannot file another case without first seeking and obtaining leave of court. Erring on the side of caution, they instead cautioned Plaintiff to cease. Yet he not only filed two more cases asserting the same claim, but has since filed at least two other, unrelated cases that have been dismissed for false court filings. Neither will monetary sanctions deter Plaintiff, since he claims indigency. Accordingly, Sony Music Publishing also asks that, in order to stop Plaintiff's ongoing, repeated harassment and wasting of judicial and party resources, the Court designate Plaintiff a vexatious litigant, barring him from filing any further actions alleging the same claimed copyright infringement.

**(b)** **Summary of Facts**

The following facts are established by this Court's files and those of the Court of Appeal, which Sony Music Publishing has requested the Court judicially notice. *See* accompanying Request for Judicial Notice.

**(1)** **Plaintiff's Prior Cases Alleging that the Song Infringes His Claimed Copyright**

**i.** **_Graham I_**

In 2015, Plaintiff, calling himself Jessie Braham, filed _Braham v. Sony/ATV Music Publ'g._, No. 2:15-cv-8422-MWF-GJSx, 2015 WL 7074571 (C.D. Cal. Nov. 10, 2015) ("_Graham I_"), alleging that lyrics in the Song infringe a copyright he claims in a song he refers to as "Haters Gone Hate."[1] That first case was eventually assigned to the Hon. Michael W. Fitzgerald, District Judge. Plaintiff applied to proceed *in forma pauperis* and, after the Magistrate Judge concluded that Plaintiff failed to state a claim, Judge Fitzgerald denied Plaintiff's request and dismissed the case. _Graham I_, Dkt. No. 8. Plaintiff did not try to amend his complaint and did not appeal.

---

[1] This Memorandum contains hyperlinks to cited materials. Due apparently to the Court's security measures, hyperlinks to internal pages of documents on PACER may instead lead to the first pages of the documents.

2

### ii.    *Graham II*

In 2018, Plaintiff resurfaced and, this time as Jesse Graham, filed *Graham v. Swift*, No. 2:18-cv-00810-MWF-GJS ("*Graham II*"), again alleging that the Song infringed his copyright. *Graham II*, Dkt. No. 1.  In his Civil Cover Sheet, he identified *Graham I* as both the same action previously filed and as a related case (*Graham II*, Dkt. No. 1-1 at 3), and the case again was assigned to Judge Fitzgerald (*Graham II*, Dkt. No. 6).

Plaintiff filed a proof of service of a Summons on Sony Music Publishing, then known as Sony/ATV Music Publishing LLC, and others. *Graham II*, Dkt. No. 8.  But the sworn proof of service was false: no Summons had even been issued in *Graham II*.  Sony Music Publishing filed a motion to dismiss for insufficient process and insufficient service (*Graham II*, Dkt. No. 9), and the Court granted the motion— noting that Plaintiff filed his proof of service of a Summons "without the Clerk having previously issued any Summons"—and provided Plaintiff additional time to serve Sony Music Publishing (*Graham II*, Dkt. No. 17).  When Plaintiff failed to do so, the Court dismissed *Graham II* without prejudice, again noting that Plaintiff could not have served anyone with a Summons because the Clerk had not issued one.  *Graham II*, Dkt. No. 19 at 1-2.

### iii.    *Graham III*

Five months later, Plaintiff filed *Graham v. Swift*, No. 2:18-cv-09071-MWF-GJS ("*Graham III*"), again asserting the same copyright infringement claim.  *Graham III*, Dkt. No. 1.  Plaintiff—knowing from *Graham II* that if he truthfully filled out the Civil Cover Sheet in *Graham III* it would be assigned to the same Judge who had previously dismissed his cases—this time falsely stated in his Civil Cover Sheet that the case had not been previously filed in this court and was not related to any other case in this court.  *Graham III*, Dkt. No. 1-1 at 3.  As a result, Plaintiff's third action was assigned to the Hon. Stephen V. Wilson, District Judge.

///

3

After Plaintiff claimed to have effected service on a defendant he named in the case, the defendant filed a Motion to Dismiss for insufficient service and failure to state a claim.  *Graham III*, Dkt. No. 17.  The defendant also filed a Notice of Related Case (*Graham III*, Dkt. No. 19) and *Graham III* was then transferred to Judge Fitzgerald (*Graham III*, Dkt. No. 21).  The Court granted the Motion and again provided Plaintiff additional time to serve he Summons and Complaint.  *Graham III*, Dkt. No. 36 at 3-4.  Plaintiff failed to do so, and his action was dismissed, this time with prejudice.  *Graham III*, Dkt. No. 46.

### iv.    *Graham IV*

In 2019, Plaintiff surfaced yet again, filing *New Day Worldwide Inc. v. Swift*, No. 2:19-cv-09948-AB-SS ("*Graham IV*"), asserting the same copyright infringement claim.  *Graham IV*, Dkt. No. 1.  This time, his Complaint, signed by Plaintiff, referred to "New Day Worldwide Inc." as the plaintiff, appearing *pro se*.  Although the Complaint asserts the same copyright claim, Plaintiff again falsely represented in his Civil Cover Sheet that the case had not been previously filed in this court and was not related to any other case in this court.  *Graham IV*, Dkt. No. 1-1 at 3.  As a result, the action was assigned to the Hon. André Birotte, District Judge.  After reviewing the Complaint and First Amended Complaint, Judge Birotte issued his Order construing the latter as adding Plaintiff as a co-plaintiff, raising that corporations cannot appear *pro se*, and providing New Day Worldwide Inc. time to retain counsel or be dismissed. *Graham IV*, Dkt. No. 15.

After Plaintiff falsely claimed to have effected service on a defendant in that case, the defendant again filed a motion to dismiss for insufficient service and failure to state a claim, including because Plaintiff's claim was barred by *res judicata* and the dismissal of *Graham III* with prejudice.  *Graham IV*, Dkt. No. 11.[2]  Plaintiff filed

---

[2]    That Motion identified the prior cases as related (*see, e.g.*, *id.* at 1 n.1-3) but this time the action was not transferred.

opposition and, in response to Judge Birotte's Order that New Day Worldwide Inc. cannot appear *pro se*, Plaintiff identified above his opposition's caption a law firm and lawyers as counsel for New Day Worldwide Inc.:

> Parker Stanbury LLC
> arcus Bastida, Melanie Butler,Georgann Carman,Hans W. Chen, Matthew W. Davis Gregory T. Fong, Aaron G. Freeman Kristoffer M. Garrison
> jessegrahamla@gmail.com
> 3680 Wilshire Blvd
> P-04 STE 1092
> Los Angeles CA 90010 Tel: (323) 323-0548
>
> Attorney for Plaintiff New    Day   Worldwide   Inc.

*Graham IV*, Dkt. No. 27 at 1.  But that information was false: the law firm and lawyers had never heard of New Day Worldwide Inc. or Plaintiff, who apparently just copied the law firm's and lawyers' names off the Internet.  *Graham IV*, Dkt. No. 29 at 1:11-18, & at 3-4, ¶¶3-6, & Exh. 1.

Judge Birotte granted the motion and dismissed *Graham IV* with prejudice. Judge Birotte also found that Plaintiff had violated Federal Rule of Civil Procedure 11, but, "[o]ut of an abundance of caution," decided not to issue an Order for him to show cause why he should not be sanctioned or declared a vexatious litigant. However, Judge Birotte "urge[d] Graham to avoid conduct that would result in those consequences." *Graham IV*, Dkt. No. 32 at 5.

Plaintiff filed a notice of appeal by New Day Worldwide Inc., again *pro se*. *Graham IV*, Dkt. No. 34.  The Court of Appeals also raised that corporate entities cannot appear *pro se* and gave New Day Worldwide Inc. time to retain counsel.  9th Cir. Case No. 20-55779, Dkt. No. 2.  Instead, Plaintiff asked that the notice of appeal be changed to name him as the appellant, *pro se*, and his request was granted.  *Id.*, Dkt. Nos. 3, 4. The appeal was briefed and the Court of Appeals, raising that Plaintiff ///

failed to address Judge Birotte's grounds for dismissing Plaintiff's claim with prejudice, affirmed the dismissal. *Id.*, Dkt. No. 22-1.

### v. *Graham V*

In the meantime, on August 4, 2020—just two weeks after Judge Birotte's July 21, 2020, Order confirming *res judicata* barred Plaintiff's claim, dismissing the action with prejudice, and admonishing Plaintiff to cease his misconduct—Plaintiff filed *Graham v. Swift*, No. 20-cv-07000-JFW-GJS ("*Graham V*"), again *pro se* and asserting the same copyright infringement claim that he asserted in the prior four cases and that was dismissed with prejudice in *Graham III* and *Graham IV*. *Graham V*, Dkt. No. 1. Plaintiff again falsely stated in his Civil Cover Sheet that there were no related cases, but did identify *Graham III*, only, in his Civil Cover Sheet as an action previously filed on the same claim. *Graham V*, Dkt. No. 1-1 at 3. The case was reassigned to Judge Fitzgerald. *Graham V*, Dkt. No. 9.

Plaintiff once again claimed to have served the Summons and Complaint (*Graham V*, Dkt. No. 14), but, once again, no Summons had been issued. Instead, Plaintiff filed with this court what appears to be a Summons issued in *Graham IV* that was altered to appear to be a Summons issued in *Graham V*. *Compare* Summons, *Graham V*, Dkt. No. 14 at 1 *with* Summons, *Graham IV*, Dkt. No. 10 at 1.

Plaintiff then followed his claimed service of a Summons and Complaint with improper and rejected motions for summary judgment. *Graham V*, Dkt. Nos. 15, 16, 17, & 18. He requested entry of a default judgment, which the Clerk rejected. *Graham V*, Dkt. Nos. 19, 20. Undeterred, he filed a second request for entry of default judgment, which the Clerk also rejected. *Graham V*, Dkt. Nos. 21, 22. Still undeterred, he filed yet a third request for entry of default judgment, which the Clerk rejected too. And he followed that with his request for entry of Sony Music Publishing' default. *Graham V*, Dkt. No. 25.

Accordingly, Sony Music Publishing and others filed their motion to dismiss for insufficient process, insufficient service of process, and failure to state a claim—

again by reason of *res judicata*—and to designate Plaintiff a vexatious litigant. *Graham V*, Dkt. No. 26.  The Court granted the motion to dismiss without leave to amend, but declined to designate Plaintiff a vexatious litigant, concluding that Plaintiff's filing of five cases at that point was not inordinate in comparison to other cases, and a less restrictive option such as sanctions might deter him, and ordering Plaintiff to show cause why sanctions should not be imposed.  *Graham V*, Dkt. No. 39 at 11-12.

Plaintiff ignored the Order to Show Cause and, instead, filed another notice of appeal, this time to the Federal Circuit Court of Appeals.  *Graham V*, Dkt. No. 40. Eventually his appeal was transferred to the Ninth Circuit and, after briefing, the Court of Appeals affirmed Judge Fitzgerald's dismissal of *Graham V* with prejudice, again observing that Plaintiff failed to address the grounds for the dismissal.  9th Cir. Case No. 21-55419, Dkt. No. 27-1.

### vi.    *Graham VI*

On January 30, 2023, Plaintiff, this time again as Jessie Braham, filed *Braham v. Sony Music Publishing*, No. 23-cv-00728-MWF-GJS ("*Graham VI*"), alleging the same claim.  *Graham VI*, Dkt. No. 1.  In his Civil Cover Sheet, Plaintiff identified only the three cases before Judge Fitzgerald (*Graham VI*, Dkt. No. 1-1), and *Graham VI* was reassigned to him (*Graham VI*, Dkt. No. 8).  Based on a purported proof of service of the Summons and Complaint on Sony Music Publishing's Sacramento, California agent for service of process (*Graham VI*, Dkt. No. 32), Plaintiff obtained the Clerk's entry of default and Plaintiff filed a motion for default judgment (*id.*, Dkt. Nos. 33-34, 36).

However, when Sony Music Publishing's counsel checked PACER and saw the foregoing, he called Plaintiff to raise that the proof of service was fraudulent: it not only purports to confirm service on a Sunday, when Sony Music Publishing's registered agent was closed, but it is a modified version of a proof of service that Plaintiff filed in *Graham III*.  Anderson Decl. at 1-2, ¶¶ 4-5, Ex. 3-4.  Plaintiff agreed

to file a notice of dismissal of *Graham IV*, which he did on May 2, 2023.  Anderson Decl. at 2,  6; <u>*Graham VI*, Dkt. No. 40</u>.

### (2)  This Action, *Graham VII*

Two months later, Plaintiff filed this action (*Graham VII*), again under the name Jessie Braham and alleging the same claim.  <u>Dkt. No. 1</u>.  In his Civil Cover Sheet, he again identified only three of his prior cases (Dkt. No. 1-1) and this action also was assigned to Judge Fitzgerald (<u>Dkt. No. 8</u>).

On August 21, 2023, Plaintiff filed a purported proof of service by Yvette Johnson on Sony Music Publishing on August 8, 2023, by mail, return receipt requested.  <u>Dkt. No. 18</u>.  He then filed an application for entry of default, which was rejected because that proof of service is deficient.  Dkt. Nos. <u>20</u>-<u>21</u>.  On September 2, 2023, he filed another purported proof of service, this one by Iris Johnson but otherwise the same as the previous one, claiming service on Sony Music Publishing on August 8, 2023, by mail, return receipt requested.  <u>Dkt. No. 23</u>.  Plaintiff then filed another application for entry of default, which was rejected because that proof of service also is deficient.  Dkt. Nos. <u>25</u>, <u>27</u>-<u>28</u>.

The Court, raising that proof of service by mail is not sufficient, gave Plaintiff until October 11, 2023, to properly serve Sony Music Publishing and file a proof of service.  <u>Dkt. No. 28</u>.  Plaintiff then filed a third purported proof of service on Sony Music Publishing on August 8, 2023, this one by a different process server, Jose Juan Soriano, by personal delivery to the Sacramento office of Sony Music Publishing's agent for service of process.  <u>Dkt. No. 29</u>.

However, that proof of service is another fraud on the Court.  The persons who Mr. Soriano purportedly served at that office either are not employed by the registered agent or were not there that day.  Kirvan Decl. at 2-3, ¶¶ 2-5, Exh. 1.  Further, Mr. Soriano is a Los Angeles process server who does not serve process in Sacramento, and his company has no record of the claimed service of process.  Even more damning, Plaintiff's proof of service by purported personal delivery on August 8, 2023, is an

altered copy of a 2022 proof of service in a different case against a different defendant. Plaintiff changed the 2020 proof of service's case number, the name of the defendant in the short title of the case, the party served, the date of service, and the date of the process server's signature.  Kern Decl. at 1, Ex. 1-2.

Further, Plaintiff used the false proof of service he created and filed with the Court to yet again apply for entry of Sony Music Publishing's default, which—as of the filing of this Memorandum—is pending before the Court.  Dkt. Nos. 30-31.

### (3)    Plaintiff's False Filings in Other Actions in this Court

Apparently emboldened by his ability through the 2020 case, *Graham V*, to file false documents in this Court with impunity, Plaintiff has not has not limited his false filings to his cases alleging the Song is a copyright infringement.

In *Graham v. Cable News Network Inc.*, No. 2:21-cv-07417-MCS-AGR, Plaintiff, alleging trademark infringement, again filed a false summons and proof of service, followed by obtaining the Clerk's entry of default, and the Court, the Hon. Mark C. Scarsi, District Judge, dismissed the case with prejudice as a sanction for engaging in deliberately deceptive practices undermining the integrity of judicial proceedings and willfully deceiving the Court.  Dkt. Nos. 43, 47.

In *Graham v. Cable News Network Inc.*, No. 2:22-3887-JFW-PDx, Plaintiff re-filed the same claim and, to avoid transfer to Judge Scarsi who had dismissed the claim with prejudice, Plaintiff falsely stated in the Civil Cover Sheet that there was no prior related action, and the Court, the Hon. John F. Walter, District Judge, dismissed the action.  Dkt. Nos. 19, 20.  Plaintiff appeal and his appeal was dismissed as frivolous.  Dkt. No. 35.

In *Braham v. Turner Broadcasting*, No. 23-7245-JFW-RAOx, Plaintiff re-filed the same claim again, this time under the name Jessie Braham and against a different defendant, and Judge Walter dismissed the action with prejudice for Plaintiff's filing
///
///

9

1    of a frivolous action and for attempting to deceive the Court, including by another

2    false Civil Cover Sheet. Dkt. Nos. <u>10</u>, <u>15</u>.[3]

3    **2.**    <u>**PLAINTIFF'S SEVENTH ACTION IS PROPERLY DISMISSED**</u>

4         **(a)**    <u>**Plaintiff's Purported Proof of Service in this Case Is a Fraud**</u>

5        The manner of service is established by <u>Federal Rule of Civil Procedure 4</u>, and

6    failure to properly serve a defendant may be raised by a <u>Federal Rule of Civil</u>

7    <u>Procedure 12(b)(5)</u> motion to dismiss. "Once service is challenged, plaintiff[] bear[s]

8    the burden of establishing that service was valid under <u>Rule 4</u>." <u>*Brockmeyer v. May*</u>,

9    <u>383 F.3d 798, 810 (9th Cir. 2004)</u>.

10        Plaintiff, after having two purported proofs of service by mail rejected in this

11    case, tries to claim service by personal delivery to Sony Music Publishing's registered

12    agent, but the most recent proof of service is unquestionably fraudulent. Both the

13    company whose Los Angeles process server supposedly served Sony Music

14    Publishing's registered agent in Sacramento, and the registered agent, have confirmed

15    that the proof of service is false. Kern Decl., Ex. 1-2; Kirvan Decl.

16        Plaintiff altered a proof of service to fabricate one for this case and now uses it

17    to try to ambush an unserved defendant with a default, which Plaintiff has repeatedly

18    done before. *See above* at 3, 7-8, 9. In addition to other appropriate relief discussed

19    below, the Motion to dismiss for improper service must be granted and the fraudulent

20    proof of service is properly stricken.

21    ///

22    ///

23    ///

24

25    [3]    Plaintiff has recently filed two more cases and, in one, Plaintiff, after filing

26    another proof of service supposedly by Mr. Soriano, obtained a Clerk's default, and

27    Plaintiff's motion for default judgment is pending. <u>*Braham v. Mapfre Ins. Co.*</u>, 2:23-cv-00325-MEMF-PD (*see* Dkt. Nos. <u>11</u>, <u>15</u>, <u>19</u>, 25); *see also* <u>*Braham v. Carrington*</u>

28    <u>*Mortg., LLC*</u>, 2:23-cv-07425-WLH-PVC.

**(b)** **The Prior Multiple Determinations that *Res Judicata* Bars Plaintiff's Claims Mandates Dismissal Under FRCP 12(b)(6)**

This is the seventh time that Plaintiff has claimed that the Song infringes the copyright in a musical composition he refers to as "Haters Gone Hate." Further, Plaintiff's claim has been repeatedly dismissed with prejudice. Thus, in *Graham III*, the Court dismissed that claim with prejudice. *Graham III*, Order Dismissing With Prejudice (Dkt. No. 46). The same result followed in *Graham IV*, where Judge Birotte found that the dismissal with prejudice of *Graham III* necessitated the dismissal of *Graham IV* with prejudice. *Graham IV*, Dkt. No. 32 at 4-5. Plaintiff appealed but the Court of Appeals affirmed the dismissal with prejudice. 9th Cir. Case No. 20-55779, Dkt. No. 22-1. And the same result followed in *Graham V*, where Judge Fitzgerald also found that *res judicata* barred Plaintiff's refiled claim and dismissed that action with prejudice. *Graham V*, Dkt. No. 39 at 7-9. The Court of Appeals again affirmed the dismissal with prejudice. 9th Cir. Case No. 21-55419, Dkt. No. 27-1. *Res judicata* unquestionably bars Plaintiff's refiling of the claim in this action and, indeed, bars him from relitigating whether *res judicata* applies.

*Res judicata* bars subsequent claims when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). All three requirements are met.

First, Plaintiff asserts in this action the same copyright infringement claim that he asserted in the prior actions, including the three prior actions that were dismissed with prejudice.

Second, "for purposes of applying the doctrine of *res judicata* . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Jackson v. Osman*, 664 Fed. Appx. 667, 668 (9th Cir. 2016); *see also Stewart*, 297 F.3d at 956 ("the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). "[I]t is settled law that '[a] judgment issued by a federal court is final for purposes of *res judicata*' unless

11

'reversed on appeal, [or] modified or set aside in the court of rendition.'" *Drake v. Niello Co.*, No. 217CV1036JAMEFBPS, 2018 WL 1256762, at *7 (E.D. Cal. Mar. 12, 2018) (quoting *Susilo v. Robertson*, 2013 WL 989959, at*4 (C.D. Cal. Mar. 11, 2013), *report and recommendation adopted,* No. 217CV1036JAMEFBPS, 2018 WL 3031588 (E.D. Cal. Apr. 12, 2018), *aff'd,* 776 F. App'x 451 (9th Cir. 2019)).  Here, Plaintiff appealed twice but the Court of Appeals affirmed the dismissals with prejudice.

Third, "[p]rivity—for the purposes of applying the doctrine of *res judicata*—is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Graham V*, Dkt. No. 39 at 8 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks and citation omitted).  Plaintiff expressly named Sony Music Publishing, by that name or its prior name, Sony/ATV Music Publishing LLC, as a defendant in *Graham I* and *II*, as well as *Graham VI*, and—as a music publisher of the allegedly infringing Song—Sony Music Publishing represents precisely the same rights and position as those Plaintiff expressly named in *Graham III*, *IV*, and *V*, and in the two appeals Plaintiff filed.  Sony Music Publishing is unquestionably in privity with its songwriter and the others Plaintiff has sued and who obtained dismissals of Plaintiff's claim with prejudice on *res judicata* grounds.

*Res judicata* bars Plaintiff's claims and also bars him from trying to relitigate *res judicata*.  Accordingly, this, Plaintiff's seventh lawsuit asserting the same claim, must be dismissed with prejudice.

### 3.    PLAINTIFF SHOULD BE DESIGNATED A VEXATIOUS LITIGANT

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.*  "Nevertheless, '[f]lagrant abuse

1    of the judicial process cannot be tolerated because it enables one person to preempt

2    the use of judicial time that properly could be used to consider the meritorious claims

3    of other litigants.'" _Id._ (quoting _De Long v. Hennessey_, 912 F.2d 1144, 1148 (9th Cir.

4    1990)).

5          In determining whether to designate a party a vexatious litigant, courts consider

6    four factors identified in _De Long_.  _Molski_, 500 F.3d at 1057.  All four of the factors

7    confirm that Plaintiff should be designated a vexatious litigant.

8          **(a)    Plaintiff Is Being Provided Notice and a Chance to Be Heard**

9          The first _De Long_ factor is that "the litigant must be given notice and a chance

10   to be heard before the order is entered."  _Molski_, 500 F.3d at 1057.  That factor is

11   satisfied.  Sony Music Publishing is serving Plaintiff with a copy of this Motion, and

12   Plaintiff will have an opportunity to respond.  _Id._ at 1058 (first factor met where

13   vexatious litigant order was "prompted by a motion filed by the Sony Music

14   Publishing and served on" plaintiff and plaintiff had opportunity to oppose the

15   motion).  In addition, the Court's admonishments in _Graham IV_ and _Graham V_ put

16   Plaintiff on notice that he could be designated a vexatious litigant if he persisted,

17   which he has done by refiling his claim in _Graham VI_ and now this case, _Graham VII_.

18         Accordingly, the first _De Long_ factor is satisfied.

19         **(b)    There Is an Adequate Record for Review**

20         The second _De Long_ factor is that there must be "an adequate record for review"

21   of the vexatious litigant Order.  _Molski_, 500 F.3d at 1057.  Sony Music Publishing

22   provides with this Motion an ample record, including a "listing of all the cases and

23   motions" showing that "that the litigant's activities were numerous or abusive."  _De_

24   _Long_, 912 F.2d at 1147.  Accordingly, the second _De Long_ factor also is satisfied.

25         **(c)    The Court's Issuance of Substantive Findings as to the Frivolous or**

26                 **Harassing Nature of Plaintiff's Litigation**

27         The third _De Long_ factor is that "the district court must make substantive

28   findings about the frivolous or harassing nature of the plaintiff's litigation."  _Molski,_

13

500 F.3d at 1057.  This factor "gets to the heart of the vexatious litigant analysis, . . . ."  Id. at 1059.

"To decide whether the litigant's actions are frivolous or harassing, the district court must 'look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.'"  Id. (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)).  "The plaintiff's claims must not only be numerous, but also be patently without merit."  Molski, 500 F.3d at 1059 (quoting Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990)).  However, "[f]rivolous litigation is not limited to cases in which a legal claim is entirely without merit.  It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions."  Molski, 500 F.3d at 1060.  "While pro se litigants are generally entitled to more leeway, a court's authority to enjoin vexatious litigation extends equally over pro se litigants and those represented by counsel."  Hollywood v. Carrows California Family Restaurants, No. 218CV02098JGBGJS, 2019 WL 6178807, at *33 (C.D. Cal. Sept. 17, 2019), report and recommendation adopted as modified, No. 218CV02098JGBGJS, 2019 WL 5589042 (C.D. Cal. Oct. 30, 2019); see also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (in forma pauperis litigants "need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs.").

Here, the record establishes that Plaintiff has not only repeatedly refiled claims the Court has repeatedly dismissed with prejudice, but has repeatedly filed false and fraudulent documents—including fabricated proofs of service he uses to try to obtain, and in one case obtaining, the defaults of unsuspecting defendants—and turned a deaf ear to the admonitions of federal Judges to stop his litigation misconduct and violations of Federal Rule of Civil Procedure 11.  Plaintiff's abuse of this Court, the judicial system, and those he has harassed for years, goes far beyond anything that could be reasonably attributable to his pro se status.   For example:

- In Graham I, the Court carefully explained why Plaintiff had failed to
    plead a plausible copyright infringement claim.   Rather than

14

amending, he ignored the dismissal of *Graham I* and filed *Graham II*.

- In *Graham II*, Plaintiff filed a false proof of service of the Summons and Complaint when the Clerk had not even issued a Summons in the case. *Graham II*, Dkt. No. 19 at 2 ("Plaintiff cannot possibly have served a Summons upon any of the defendants because the Clerk has yet to issue a Summons (because Plaintiff has yet to file request for the Clerk to issue a Summons).").

- In *Graham III*, the Court ruled that Plaintiff's claimed service of Ms. Taylor by supposedly serving a security guard was insufficient. *Graham III*, Dkt. No. 36 at 3, 4. Ignoring that ruling, in *Graham V* Plaintiff again relied on the claimed service of a security guard. *Graham V*, Dkt. No. 14 at 3.

- In *Graham IV*, after the Court raised that his corporate co-plaintiff could not appear *pro se*, Plaintiff falsely represented in his filing that counsel have been retained when, instead, the supposedly retained counsel had never heard of him and did not authorize Plaintiff's filing. *See above* at 4-5; *Molski*, 500 F.3d at 1061 ("frivolous litigation" includes "asserting facts that are grossly exaggerated or totally false").

- The Court made it clear in *Graham IV* that the prior dismissal of Plaintiff's claim with prejudice barred his refiling of the claim and the Court also cautioned Plaintiff against continuing his litigation misconduct. Yet two weeks later he filed *Graham V*, asserting the same barred claim. *See above* at 5-6.

- Although the Court made it clear in *Graham II* and *III* that a Summons must be issued by the Clerk, rather than requesting one in *Graham V* Plaintiff doctored a Summons from an earlier action to make it appear to have been issued in *Graham IV*. *See above* at 6.

///

- Plaintiff has made false statements in his Civil Cover Sheets to try to avoid the prior rulings against him on the same claim. *See above* at 3, 4, 6, 9, 9-10.

- In *Graham VI* Plaintiff again altered a proof of service to falsely claim service on Sony Music Publishing and, on that basis, obtained a Clerk's default. *See above* at 7-8.

- In this case, and completely unrepentant, Plaintiff again altered a proof of service to falsely claim service on Sony Music Publishing and, on the basis of that fraudulent filing, seeks a Clerk's default. *See above* at 8-9.

- Plaintiff also filed a false summons and proof of service in *Graham v. Cable News Network Inc.*, No. 2:21-cv-07417-MCS-AGR, obtaining the Clerk's entry of default before the District Judge dismissed the case with prejudice for willfully deceiving the Court. *See above* at 9.

- Plaintiff refiled that claim in *Graham v. Cable News Network Inc.*, No. 2:22-3887-JFW-PDx and, to avoid the dismissal with prejudice, Plaintiff filed a false Civil Cover Sheet. *See above* at 9.

- Plaintiff refiled the same claim a third time in *Braham v. Turner Broadcasting*, No. 23-7245-JFW-RAOx and, to avoid the prior dismissals, filed under the name Jessie Braham, against a different company, with a false Civil Cover Sheet. *See above* at 9-10.

These are only examples of Plaintiff's truly outrageous conduct in trying to obtain, without actually serving any defendant, the leverage of a Clerk's default and a default judgment with which to extort Sony Music Publishing and others.

In *Graham V*, the Court found that Plaintiff's filing of four prior cases, of which only two had been dismissed with prejudice, was not extensive enough to support designating Plaintiff a vexatious litigant and less restrictive options, such as sanctions, might "adequately protect litigant resources." *Graham V*, Dkt. No. 39 at 10-11. Since

then, however, Plaintiff has filed and lost two appeals, and filed two more actions asserting the same claim, namely *Graham VI* and this case, *Graham VII*. *See* <u>Basile v. Los Angeles Film Sch., LLC</u>, No. 2:18-08604 CJC (ADS), 2019 WL 537716, at \*5 (C.D. Cal. Sept. 30, 2019), *report and recommendation adopted*, <u>No. 218CV8604CJCADS, 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019)</u> (deeming vexatious litigant who filed six federal copyright lawsuits in four years and lost each of them). Plaintiff also has filed in this Court at least three other cases unrelated to the Song, the last two of which were barred by the dismissal of the first with prejudice, and in each of those cases he has filed fraudulent documents, including a false summons, false proof of service, and false Civil Cover Sheets. *See above* at 9-10.

Plaintiff is an unapologetic serial filer of frivolous claims and fraudulent documents, including summonses and proofs of service. He has not only crossed "the line . . . between aggressive advocacy of legitimate claims and the frivolous assertion of false allegations" (<u>Molski</u>, <u>500 F.3d at 1059</u>), but also repeatedly sought to perpetuate frauds on the Court. Moreover, he claims indigency (Dkt. 3), which, if true, renders monetary sanctions ineffective and, indeed, meaningless to him.

**(d)    <u>The Requested Order is Narrowly Tailored to Stop Plaintiff's Continued Abuse of the Judicial Process and Harassment</u>**

The fourth and final <u>De Long</u> factor is that the order restraining a vexatious litigant "must be narrowly tailored to fit the specific vice encountered." <u>Molski</u>, <u>500 F.3d at 1057</u>. An Order is narrowly tailored when it restrains the litigant from filing "only the type of claims [the litigant] ha[s] been filing vexatiously" and does not "deny [the litigant] access to courts on any . . . claim that is not frivolous." <u>Ringgold-Lockhart v. Cty. of Los Angeles</u>, 761 F.3d 1057, 1066 (9th Cir. 2014).

Given the history of this case and the four preceding it, as well as Plaintiff's failure to heed the Court's express admonishment in <u>Graham IV</u>, it is manifest that the only way to stop Plaintiff from continuing to file new suits based on the same, ///

already resolved claim *ad infinitum* is an Order prohibiting him from doing so. Accordingly, Sony Music Publishing ask that the Court enter an Order that:

1. Designates Plaintiff a vexatious litigant.

2. Prohibits Plaintiff from reopening litigation based on the claim and facts alleged in <u>Graham I</u>, <u>Graham II</u>, <u>Graham III</u>, <u>Graham IV</u>, Graham V, *Graham VI*, and this case, and, specifically, based on the claim that the Song infringes a copyright in Plaintiff's or his corporation's claimed work.

3. Requires Plaintiff to obtain pre-filing permission from the Court before filing any new actions against Sony Music Publishing, or any of those he has named in this and his earlier actions, including under the United States Copyright Act, <u>17 U.S.C. § 101, *et seq.*</u>

4. Requires that, if the Court grants Plaintiff permission to file a new action against Sony Music Publishing, or any of them, that before dong so Plaintiff post a security bond of $25,000 within ten days.

That Order is narrowly-tailored and consistent with restrictive orders that have been entered in this Court and affirmed by the Ninth Circuit. *See, e.g., <u>Mankaruse v. Raytheon Co.</u>*, No. SACV191904DOCADSX, 2020 WL 2405258, at *3 (C.D. Cal. Jan. 23, 2020) (granting order requiring vexatious litigant "to seek prefiling approval in this Court prior to filing cases in the Central District of California *pro se* against [defendants] regarding Plaintiff's prior employment with these entities or regarding any alleged stolen trade secrets or patent infringement by these actors" and to pay a $25,000 security bond); <u>Molski</u>, 500 F.3d at 1064 (affirming restrictive order requiring plaintiff "to seek leave of the court before filing any more [duplicative] complaints").

///

///

///

///

18

1    **4.    <u>CONCLUSION</u>**

2        Sony Music Publishing' Motion to Dismiss should be granted and this action

3    dismissed with prejudice, and Plaintiff should be deemed a vexatious litigant to

4    prevent his continued abuse of the judicial process and his ongoing harassment.

5

6    Dated: October 20, 2023                     _____/s/ Peter Anderson_____

7                                            Peter Anderson, Esq.
                                            DAVIS WRIGHT TREMAINE LLP
8                                            Attorneys for Defendant
                                            SONY MUSIC PUBLISHING (US) LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants who have appeared in this action, certifies that this Memorandum contains 5,813 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 20, 2023

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
DAVIS WRIGHT TREMAINE LLP