UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-5351-MWF (GJSx)          **Date:** December 19, 2023
**Title:** Jessie Braham v. Sony Music Publishing et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Rita Sanchez                          Not Reported

Attorneys Present for Plaintiffs:      Attorneys Present for Defendant:
None Present                             None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND TO DESIGNATE PLAINTIFF A VEXATIOUS LITIGANT [32]; ORDER TO SHOW CAUSE

Before the Court is Defendant Sony Music Publishing (US) LLC's ("Sony") Motion to Dismiss and to Designate Plaintiff Jessie Braham a Vexatious Litigant. (Docket No. 32). Plaintiff filed an untimely Opposition on November 10, 2023. (Docket No. 37).

The Motion was noticed to be heard on **November 20, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the Court rules as follows:

- The Motion is **GRANTED** *in part* to the extent it seeks to dismiss Plaintiff's claims. Plaintiff's failure to file a timely Opposition is a sufficient reason to grant the Motion. *See* Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *Ewing v. Ruano*, No. CV 09-08471-VAP (ANx), at *1 (C.D. Cal. June 12, 2012) ("As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7-12, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-5351-MWF (GJSx)          **Date:** December 19, 2023
**Title:** Jessie Braham v. Sony Music Publishing et al.

- Court finds good cause for granting the defendants' unopposed motion to dismiss."). The Motion is also granted on the merits on *res judicata* grounds.

- The Motion is, reluctantly, **DENIED** to the extent it seeks to designate Plaintiff a vexatious litigant. While it does appear that Plaintiff has filed a number of cases in this District based on similar (if not identical) allegations, including defective proofs of service, this activity alone does not demonstrate that his actions are frivolous or abusive.

However, in light of the multiplicity of actions and the frivolousness of *this* action, the Court issues an order to show cause why sanctions should not be imposed. Plaintiff's response is due by **January 16, 2024.**

## I.     REQUEST FOR JUDICIAL NOTICE

In support of its Motion, Sony asks the Court to take judicial notice of Plaintiff's previous copyright infringement cases:

1. *Braham v. Sony/ATV Music Publ'g*, No. CV 15-8422-MWF (GJSx) (C.D. Cal.) ("*Graham I*");

2. *Graham v. Swift*, No. CV 18-00810-PA (Ex) (C.D. Cal.) ("*Graham II*");

3. *Graham v. Swift*, No. CV 18-9071-SVW (AFMx) (C.D. Cal.) ("*Graham III*");

4. *New Day Worldwide Inc. v. Swift*, No. CV 19-09948-AB (SSx) (C.D. Cal.) ("*Graham IV*");

5. *Graham v. Swift*, No. CV 20-07000-MFW (GJSx) (C.D. Cal.) ("*Graham V*");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5351-MWF (GJSx) | **Date:** December 19, 2023 |
| **Title:** Jessie Braham v. Sony Music Publishing et al. | |

6. *Braham v. Sony Music Publ'g*, No. CV 23-00728-MWF (GJSx) (C.D. Cal.) ("*Graham VI*");

7. *Graham v. Cable News Network Inc.*, No. CV 21-07417-MCS (AGRx) (C.D. Cal.);

8. *Graham v. Cable News Network Inc.*, No. CV 22-3887-JFW (PDx); and

9. *Braham v. Turner Broad.*, No. CV 23-7245-JFW (RAOx).

(*See* Request for Judicial Notice ("RJN") (Docket No. 32-10) at 1–3).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. Fed. R. Evid. 201(b); *see Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Court filings are thus properly subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court documents).

Accordingly, the RJN is **GRANTED**. The Court takes judicial notice of the dockets and orders issued in the cases but not the truth of the facts alleged therein.

## II. BACKGROUND

Before getting into the facts as alleged in the Complaint, the Court must note that this is Plaintiff's ***seventh*** lawsuit against Sony relating to the alleged infringement of his musical composition entitled *Haters gone Hate*. In each of Plaintiff's previous lawsuits, his claims have been dismissed, and judgment has been entered against Plaintiff in at least two prior actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-5351-MWF (GJSx) | Date: December 19, 2023 |
| Title: Jessie Braham v. Sony Music Publishing et al. | |

On July 4, 2023, Plaintiff commenced this action realleging that *Shake It Off*, a song performed by co-Defendant Taylor Swift, infringes upon certain lyrics of his song, *Haters gone Hate*. (Complaint (Docket No. 1) ¶¶ 14–16). Plaintiff alleges "the infringed copyrighted material accounts for roughly twenty percent of the Shake It Off musical composition." (*Id.* ¶ 14).

Sony now moves to dismiss the Complaint for insufficient service of process and for failure to state a claim. (Motion at 10–12). Sony also requests that the Court deem Plaintiff a vexatious litigant. (*Id.* at 12–18).

## III. MOTION TO DISMISS

Sony seeks to dismiss Plaintiff's sole claim for relief for copyright infringement on several grounds. (*Id.* at 10–12). Specifically, Sony argues that Plaintiff's copyright infringement claim should be dismissed because his Complaint (1) was never properly served, and (2) is barred by the doctrine of *res judicata*. The Court focuses on the latter issue as it is dispositive.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised **or could have been raised** in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted). *Res judicata* applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

The Court determines that this action—which is premised on the same alleged infringing conduct as alleged in *Graham I–VI*—is barred by *res judicata*:

***First***, a dispute raises the "same claim" as a prior case if the claim is derived from the same "primary right," which is "'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) (citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5351-MWF (GJSx) | **Date:** December 19, 2023 |
| **Title:** Jessie Braham v. Sony Music Publishing et al. | |

stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Montgomery v. Specialized Loan Servicing, LLC*, No. CV 18-1257-PSG-KKx, 2018 WL 6118571, at *3 (C.D. Cal. Sept. 27, 2018) (citation omitted). Here, *Graham I–VI* assert the same claim, namely that lyrics in the song *Shake It Off* allegedly infringe upon his copyright in the song *Haters gone Hate*. (*Compare* Complaint ¶¶ 14–16 *with Graham I*, Docket No. 1 at 4; *Graham II*, Docket No. 1 at 7–8; *Graham III*, Docket No. 1 at 3; *Graham IV*, Docket No. 1 at 3; *Graham V*, Docket No. 1 at 3; *Graham VI*, Docket No. 1 at 3).

**Second**, all six of Plaintiff's prior actions in which he alleged copyright infringement were dismissed. Notably, *Graham IV* and *Graham V* were dismissed with prejudice on substantive and *res judicata* grounds. *See Graham IV*, 2020 WL 6050700, at *3 (C.D. Cal. July 21, 2020); *Graham V*, 2021 WL 667499, at *4–5, *7 (C.D. Cal. Jan. 12, 2021).

**Third**, privity exists because Plaintiff has named Sony in his previous lawsuits. (*See Graham I*, Docket No. 1 at 2–3 (naming Sony as one of several defendants); *Graham II*, Docket No. 1 at 1–3 (same); *Graham IV*, Docket No. 1 at 1–2 (same); *Graham V*, Docket No. 1 (same).

Accordingly, the Motion is **GRANTED** to the extent it seeks to dismiss Plaintiff's first and only claim for relief for copyright infringement.

### IV.   VEXATIOUS LITIGANT

In light of Plaintiff's prior filings in this District, Sony requests that the Court (1) declare Plaintiff a vexatious litigant, (2) prohibit Plaintiff from reviving his defunct copyright claim, (3) impose a pre-filing order requiring Plaintiff to obtain court approval filing any new actions arising under the Copyright Act against Sony, and (4) require Plaintiff to post a $25,000 security bond within ten days upon receiving permission to file a new action against Sony. (*See* Motion at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-5351-MWF (GJSx) | Date: December 19, 2023 |
| Title: Jessie Braham v. Sony Music Publishing et al. | |

Federal courts have inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Local Rules provide that an order declaring a party a vexatious litigant "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

The Ninth Circuit has outlined five factors for district courts to examine before entering pre-filing orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "First, the litigant must be given notice and a chance to be heard before the order is entered." *Id.* (citation omitted). "Second, the district court must compile 'an adequate record for review.'" *Id.* "Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* Fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* Finally, the district court should consider "whether other sanctions would be adequate to protect the courts and other parties." *Id.*

The Court focuses its analysis on the third factor – the frivolous and harassing nature of Plaintiff's litigation – as it is dispositive. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotation marks omitted). The number inquiry asks whether the amount of complaints filed is inordinate. *Id.*; *De Long*, 912 F.3d at 1148. As the Court has previously determined, Plaintiff's prior filings do not rise to the inordinate quantity typically exhibited by vexatious litigants. *See, e.g., Molski*, 500 F.3d at 1050 ("filed about 400 lawsuits in the federal courts within the districts in California"); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (filed 35 actions in 30 jurisdictions); *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *6 (N.D. Cal. Dec. 3, 2012) ("[Plaintiff] has literally filed tens of lawsuits against hundreds of defendants."). Here, the number of Plaintiff's filings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5351-MWF (GJSx) | **Date:** December 19, 2023 |
| **Title:** Jessie Braham v. Sony Music Publishing et al. | |

against Sony (i.e., seven) is not "inordinate" in quantity.  *Ringgold-Lockhart*, 761 F.3d at 1064–65.

Notwithstanding Sony's legitimate arguments about Plaintiff's fraudulent conduct and purported indigency, the Motion is **DENIED** as to Sony's request to deem Plaintiff as a vexatious litigant because less restrictive options may adequately protect judicial and litigant resources.  *See Ringgold-Lockhart*, 761 F.3d at 1062 ("In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort.").

Although the Court declines to designate Plaintiff as vexatious, imposition of sanctions may be appropriate here.  Rule 11 gives the authority to courts to prescribe sanctions in "exceptional circumstances, where a claim or motion is patently unmeritorious or frivolous."  *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) (internal quotation marks and citation omitted).  A frivolous claim or pleading for Rule 11 purposes is one that is "legally or factually 'baseless' from an objective perspective . . . and made without a reasonable and competent inquiry."  *Q-Pharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  A sanction imposed on the Court's own initiative, and not based on a Rule 11 motion brought by another party, is payable to the Court.  *See* Fed. R. Civ. P. 11(c)(4); *Durand v. Stephensen*, No. CV 09–2038 JAM, 2010 WL 3855236, at *4 (E.D. Cal. Sept. 29, 2010).

The Court previously warned Plaintiff "that should he engage in similar conduct in the future before this or another Court, he risks being sanctioned."  *Graham IV*, 2020 WL 6050700, at *3; *see also Graham V*, 2021 WL 667499, at *7.  Notwithstanding these warnings, Plaintiff filed this action, raising an ***identical*** copyright claim that the Court already dismissed on res judicata grounds in at least two prior actions brought against Sony.  This action therefore appears to be both unmeritorious and frivolous.  *See* Fed. R. Civ. P. 11(b)(2); *McMahon v. Pier 39 Ltd. P'ship*, No. C03–00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (concluding that the plaintiff's subsequent filing was frivolous because it raised similar issues against the same defendants barred by res judicata).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5351-MWF (GJSx) | **Date:** December 19, 2023 |
| **Title:** Jessie Braham v. Sony Music Publishing et al. | |

Accordingly, Plaintiff is **ORDERED** to show cause in writing by **January 19, 2024**, explaining why his conduct does not violate Rule 11(b) and why the Court should not impose monetary sanctions in the amount of $500 payable to the Court. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."); *Env't Furniture Inc. v. Bina*, No. CV 09–7978 PSG (JCx), 2011 WL 488866, at *3 (C.D. Cal. Feb. 4, 2011) (concluding that $2,500 in monetary sanctions was "no more than reasonable" to deter the defendant's conduct of filing contradictory declarations); *Chin v. Wal-Mart Stores, Inc.*, 2014 WL 5465768, at *2 (N.D. Cal. Oct. 27, 2014) (concluding that $150 in monetary sanctions was reasonable to deter the plaintiff's harassing and frivolous conduct).

## V.  CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The Motion is **GRANTED** *without leave to amend* as to Plaintiff's sole claim for relief for copyright infringement. Accordingly, this action is **DISMISSED** *with prejudice*.

- The Motion is **DENIED** as to Sony's request to designate Plaintiff a vexatious litigant.

Plaintiff's request that the Clerk enter default against Sony is also **DENIED** *as moot*. (Docket No. 30).

Plaintiff is **ORDERED** to show cause in writing by **January 16, 2024**, explaining why monetary sanctions should not be imposed due to Plaintiff's repeated litigation misconduct. Defendants optionally may file a reply to Plaintiff's response, if any, by **January 22, 2024.**

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5351-MWF (GJSx) | **Date:** December 19, 2023 |
| Title: Jessie Braham v. Sony Music Publishing et al. | |

    The Court notes that Plaintiff does not have a lawyer. Parties in court without a lawyer are called "*pro se* litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.